UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Scott Crowe, #296893 | ) C/A No.  4:08-2551-CMC-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| South Carolina Dept. Of Corrections/Classification; Michael Matthews, Branch Chief; South Carolina Dept. Of Parole, Probation and Pardon Services (Spartanburg Office); Benjamin Montgomery, Chief; Robyn Fahnle, Agent; Honorable Judge Gordon Cooper; Trey Gowdy, Solicitor, 7th Judicial Circuit; Jennifer Jordan, Dept. Solicitor, 7th Circuit, | ) |
| Defendants. | ) |

This case is filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.

In the Complaint, Plaintiff alleges that his release date has been miscalculated. Plaintiff alleges this miscalculation will cause him to serve time beyond his sentence, which by his calculation expires in January of 2009. Plaintiff requests damages for each day that he believes he will, in the future, be held beyond the expiration of his sentence. This case is subject to summary dismissal as it is largely duplicative of a habeas petition Plaintiff filed in August of this year, and the request for monetary relief is premature.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the

2

plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

<u>Discussion</u>

Plaintiff is an inmate at the Catawba Pre-Release Center, a facility within the South Carolina Department of Corrections. Information contained on the South Carolina Department of Corrections website (www.doc.sc.gov) indicates that Plaintiff's Projected Release Date is January 26, 2010. Plaintiff argues that his release date should be "on or @ January 2009." Plaintiff's Answers to the Court's Special Interrogatories, Docket Entry 9. Essentially, Plaintiff is asking the Court for declaratory and injunctive relief to ensure that he will not be held beyond his correct release date, and additionally for damages for each day he is held over that date.

Because Plaintiff is attacking the execution or implementation of his state sentence, he is making an argument that sounds in habeas. In fact, Plaintiff has filed a habeas case that has been construed as a petition under § 2241. *See* C/A No. 4:08-2955-CMC-TER. The instant case is largely duplicative of Plaintiff's pending habeas case, and it would be inappropriate to address the merits herein.

Additionally, Plaintiff's claims will not be "ripe" for federal judicial review until his sentence expires and he is held beyond the expiration of his sentence, if that scenario does in fact transpire. *See, e.g., Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). *Cf. Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982) (for a

3

plaintiff to have standing, the injury must have resulted from the defendant's or defendants' actions).

The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580 (1985). *See also Miller v. Brown*, 462 F.3d 312, 318-19 (4th Cir. 2006). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134, 1138 (9th Cir. 2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 200-201 (1983). *See also Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981). In fact, the event that would, in theory, trigger an injury to Plaintiff may not occur as anticipated or at all. Since even Plaintiff admits that he will properly be held until January 2009, no case or controversy currently exists. If the Plaintiff remains in SCDC custody *after* January 2009, he can bring a new civil action in this federal court.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

*Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 20, 2008  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).